1    THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

ROBERT TURNER,

          Plaintiff,

vs.

NICHOLAS HOGAN, JOHN DOE, DAVID HAYNES, and CITY OF TUKWILA.,

          Defendants.

No. 2:14-cv-00675 RSL

DEFENDANT HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

## I. RESPONSE TO REQUESTED RELIEF

The court should deny Plaintiff's motion to amend because it violates the court's case schedule order and seeks to assert new claims (malicious prosecution, negligent hiring) which would raise new issues with no time remaining in the case schedule to address them. The malicious prosecution claim would also be futile because the existence of probable cause was determined in the underlying criminal prosecution. Plaintiff's proposed amended complaint also seeks to make extensive allegations about unrelated complaints and allegations of others for the improper purpose of trying to get the complaint admitted at trial. Plaintiff's motion fails to explain Plaintiff's failure to

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 1
R:\6729\Pleadings\amend.response.wpd



Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

1 comply with the court's case schedule order in seeking this amendment and fails to set
2 forth good cause to allow new claims to be asserted after the time for discovery has
3 expired.

## II. STATEMENT OF FACTS

This matter arises out of an incident on April 16, 2011, when Officer Hogan and other Tukwila police officers were dispatched to multiple 911 callers' reports of up to twenty gunshots being fired in a residential neighborhood. Witnesses identified a residence located at 13305 Macadam Rd. S., as the source of the gun fire. At that location, police encountered a crowd having a party and consuming alcohol and/or drugs. Many of the persons in the crowd were hostile to the officers.

Defendant Hogan ordered Plaintiff to stay back when another officer was attempting to separate and detail an unruly individual who was instigating hostility toward police. When Plaintiff failed to comply with Hogan's direction to stay back, Hogan attempted to move him back but Plaintiff slapped his arm away and faced him in a fighting stance. Hogan fell down during some pushing between the two and other officers came to his aid. One officer (whom Plaintiff elected not to sue) used a Taser on Plaintiff. Another officer (whom Plaintiff also did not sue) used pepper spray on Plaintiff. Hogan cited Plaintiff for violating Tukwila Municipal Code 8.30.070 (Assault Against a Police Officer) and Tukwila Municipal Code 8.60.020 (Obstructing a Public Servant, adopting RCW 9A.76.020), both gross misdemeanors. Although these charges were later dismissed, a judge made a determination that there was probable cause supporting the charges.

Plaintiff claims he was complying with Hogan's directions, did not strike Hogan and voluntarily got down on the ground after Hogan fell to the ground. He claims that Hogan then stomped on his ankle and said "this one will never play basketball again."

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 2
R:\6729\Pleadings\amend.response.wpd



Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

1 Defendant Hogan denies saying or doing any such thing. X-rays showed Plaintiff's ankle injury was a twisting injury, not the result of blunt force trauma.

Plaintiff commenced this action on April 16, 2014 – three years after the incident. In July 2014, the court entered a case schedule order which set a deadline for amending pleadings of April 8, 2015. (Dkt. # 11) The order also ordered that discovery be completed by June 7, 2015, ordered that discovery motions be noted for hearing by the Friday before the discovery cut-off date, and ordered that dispositive motions be filed by July 7, 2015. (*Id.*)

Defendants previously consented to Plaintiff's request for additional time for discovery. The court extended the discovery cut-off date to July 12, 2015. (Dkt. #25) The court's order directed that all other deadlines remain the same, including the July 7, 2015, deadline for filing dispositive motions.

Plaintiff did not seek to amend his complaint within the time permitted by the court's order. Plaintiff's motion does not identify any reason why Plaintiff did not bring a motion to add the proposed new claims by April 8, 2015, as ordered by the court. Plaintiff's motion identifies no reason why Plaintiff could not have complied with the court's order.

### III. LEGAL ARGUMENT AND AUTHORITY

**1.     Plaintiff's Request is Untimely and Violates the Court's Order.**

The court's case schedule order required that Plaintiff bring this motion no later than April 8, 2015. The court's order gave Plaintiff ample opportunity to amend his complaint. Plaintiff's motion should be denied because Plaintiff's request for amendment is untimely and violates the court's order.

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 3
R:\6729\Pleadings\amend.response.wpd

Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

**2. No Good Cause to Permit Amendment at this Time.**

Where a party seeks to amend a pleading after a pretrial scheduling order's deadline for amending the pleadings has expired, the liberal Rule 15(a) standard for amendment does not apply; the moving party must satisfy the stringent "good cause" standard under Fed. R. of Civ. P. 16. *See Johnson v. Mammoth Rec., Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992) (once a district court files a pretrial scheduling order under Federal Rule of Civil Procedure 16 establishing a timetable for amending pleadings, that rule's standards control); *C.F. v. Capistrano Unified School Dist.*, 656 F.Supp.2d 1190 (C.D. Cal. 2009) (pursuant to Rule 16(b), a scheduling order "shall not be modified except upon showing of good cause and by leave of the district judge"). Unlike Rule 15(a)'s relaxed amendment policy, which focuses on undue delay and prejudice to the other party, Rule 16(b)'s "good cause" standard centers solely on the moving party's diligence. *Johnson,* at 609.

As the extended discovery period is coming to a close, Plaintiff now seeks to add two new claims: malicious prosecution and negligent hiring. The former would expand the scope of Plaintiff's claims to include the prosecution which took place after the subject incident. The later would expand the scope of plaintiff's claims to include the circumstances of Hogan's hiring and pre-hiring events. However, if Plaintiff were permitted to assert these new claims, there would be no time for new discovery as to these events, no time to bring any discovery motions that might be needed and no time to develop and bring dispositive motions that may be appropriate for these new claims.

Plaintiff has failed to show that his failure to comply with the court's deadline for amending pleadings was the result of anything other than his own lack of diligence. Plaintiff has known the facts relating to the charges since the April 16, 2011, because he was a participant. The charges were dismissed more than three and a half years

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 4
R:\6729\Pleadings\amend.response.wpd



Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

ago. He chose not to include malicious prosecution or negligent hiring claims when he commenced this action. The court's April 8, 2015, deadline afforded Plaintiff ample opportunity to add these claims if their omission was an oversight. Plaintiff's motion identifies no reason why Plaintiff could not have complied with the court's order and sought this amendment by the court's deadline for amending pleadings. Plaintiff's motion fails to set forth good cause exists rather than lack of diligence. Plaintiff's motion should be denied for this reason as well.

### 3. Futility of Amendment.

In addition, Plaintiff's proposed malicious prosecution claim would be futile. "A court properly exercises its discretion in denying leave to amend if the proposed amendment would be futile." *In re DRAM Antitrust Litigation,* 546 F.3d 981, 990 (9th Cir. 2008); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

Malicious prosecution actions are not favored in the law. *Hanson v. City of Snohomish*, 852 P.2d 295, 298 (Wash. 1993). Absence of probable cause is an essential element of a claim of malicious prosecution. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Hanson*, 852 P.2d at 298 ("If probable cause is established, the action fails, for probable cause is a complete defense to an action for malicious prosecution.") *See also Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (Section 1983 plaintiff is subject to collateral estoppel effect on issues previously decided in criminal proceeding).

Plaintiff's malicious prosecution claim would be futile because the court in the underlying criminal prosecution determined the existence of probable cause adverse to Plaintiff when Plaintiff was arraigned and imposed conditions on Plaintiff's release in accordance with Washington Superior Court Criminal Rule 3.2. (The court docket from the underlying criminal action is attached.) Plaintiff is barred from re-litigating this issue

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 5
R:\6729\Pleadings\amend.response.wpd



Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

in a subsequent civil rights lawsuit and this determination is fatal to the proffered malicious prosecution claim. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004); *Haupt v. Dillard,* 17 F.3d 285, 289, (9th Cir. 1994); *Tompkins v. Spokane Cnty.,* No. C07-0195, 2009 WL 269386 (E.D. Wash. Jan. 30, 2009) (collateral estoppel barred unlawful arrest claim where probable cause necessarily determined by Washington state judge even though claims were later dismissed); *Wakgira v. City of Seattle*, No. C08-1108, 2009 WL 2406330 at 14 (W.D. Wash. 8/3/09) (applying Washington law and holding that collateral estoppel barred re-litigation of probable cause where state judge found probable cause at preliminary hearing).

### 4. Need for Bifurcation.

Plaintiff's proposed amended complaint also seeks to allege extensive facts about Hogan and other persons' complaints about him, in evidentiary detail, for the stated purpose "of telling a more complete story in the event Mr. Turner's complaint is admitted at trial." (Dkt. 30, p. 2) This is an improper purpose. It is also contrary to Fed. R. Civ. P. 8(a)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The proposed new allegations about Hogan and complaints of others have no relation to the incident of April 16, 2011. With respect to the claims against Hogan, they are hearsay upon hearsay and purported character evidence. It is apparent that Plaintiff's purpose is to try to prove that Hogan violated Plaintiff's rights on April 16, 2011, by smearing his character with irrelevant and prejudicial allegations of unrelated incidents. Such evidence should be inadmissible as to the claims against Hogan based on the events of April 16, 2011, because it would be unfairly prejudicial to Officer Hogan to have to defend himself from character attacks and complaints of others.

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 6
R:\6729\Pleadings\amend.response.wpd

Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

If Plaintiff were permitted to assert a new negligent hiring claim and to use such evidence in his claim against the City, it would likely be necessary to bifurcate the claims against Hogan and against the City to prevent undue prejudice to Hogan from these allegations of events unrelated to the incident with Plaintiff. Amendment should be denied for this reason as well.

**IV. CONCLUSION**

Plaintiff's motion to amend is untimely, violates the court's case schedule order, and is untimely due solely to plaintiff's lack of diligence. There is no reason why plaintiff could not have complied with the court's case schedule order. There is no just cause to excuse Plaintiff's failure to comply. Plaintiff's motion also seeks to add a malicious prosecution claim which would be futile. It also seeks to make extensive allegations about unrelated complaints and allegations of others for the improper purpose of trying to get the complaint admitted at trial as evidence. It would be unfair to the defendants to have the scope of issues expanded after discovery has concluded and to assert claims when it is too late for the defendants to have an opportunity to prepare and bring dispositive motions. Plaintiff's motion to amend should be denied.

Dated: June 22, 2015.

TURNER KUGLER LAW, PLLC

By: *s/ John T. Kugler*
John T. Kugler, WSBA # 19960
Attorney for Defendant Hogan

DEFENDANT HOGAN'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT - 7
R:\6729\Pleadings\amend.response.wpd

Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

        *s/ John T. Kugler*
JOHN T. KUGLER, WSB #19960
Attorney for Defendant KCHA
TURNER KUGLER LAW, PLLC
4700 42nd Ave SW, Ste. 540
Seattle, WA 98116
Telephone: (206) 659-0679
E-mail: john@turnerkuglerlaw.com

DEFENDANT HOGAN'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 8
R:\6729\Pleadings\amend.response.wpd



Turner Kugler Law, PLLC
4700 - 42nd Ave SW, Suite 540
Seattle, WA 98116
(206) 659-0679

| | DOL | | FTAs | Orders | Proceedings | Relations | Warrants |
| Summary | Docket | | FTAs | Orders | Proceedings | Participants | |

**Docket Information for Case:**     CR0058002 TKP CN     **Court:** TUKWILA MUNICIPAL (TKM)

**Note:** CL 11/11

| Date | Description |
|---|---|
| 05/17/2011 | Case Filed on 05/17/2011 |
| 05/17/2011 | DEF 1 TURNER, ROBERT LEE Added as Participant |
| 05/17/2011 | OFF 1 HOGAN, NICHOLAS Added as Participant |
| 05/17/2011 | ARR YN Set for 06/06/2011 02:00 PM in Room 1 with Judge KAW |
| 05/17/2011 | LOCATION: 13305 MACADAM RD S TUKWILA @ 2115 HOURS |
| 05/17/2011 | FORMAL COMPLAINT AND WITNESS LIST FILED BY CITY ATY |
| 05/20/2011 | Notice Issued for ARR YN on 06/06/2011 02:00 PM |
| 06/02/2011 | PHONE CALL MADE BY VOLUNTEER- CONFIRMED COURTDATE WITH |
| 06/02/2011 | DEFT FOR 6/6 AT 2:00PM |
| 06/06/2011 | DEFENDANT FAILED TO APPEAR FOR ARRAIGNMENT |
| 06/06/2011 | DEFT NOT FOUND IN KING COUNTY JAIL |
| 06/06/2011 | PROBABLE CAUSE FOUND |
| 06/06/2011 | FILE TO JUDGE |
| 06/06/2011 | PER JUDGE WALDEN: DEFENDANT FAILED TO APPEAR- PC FOUND |
| 06/06/2011 | BENCH WARRANT $2500 PENDING ADDRESS CERTIFICATE |
| 06/06/2011 | REQUEST FOR ADDRESS CERTIFICATE FORWARDED TO PROSECUTOR |
| 06/06/2011 | ARR YN: Not Held, Wt/FTA Ordered |
| 06/07/2011 | PHONE CALL FROM DEFTS WIFE, DEFT MISSED COURT YESTERDAY, |
| 06/07/2011 | WIFE ADVISED OF WAYS DEFT CAN QUASH HIS PENDING WARRANT |
| 06/07/2011 | PHONE CALL FROM DEFT - ADVISED OF POSSIBLE BENCH WARRANT |
| 06/07/2011 | FOR FAILURE TO APPEAR YESTERDAY AND PROCEDURE FOR |
| 06/07/2011 | PAYING TO $100 CASH WARRANT FEE TO RESCHEDULE |
| 06/07/2011 | PHONE CALL FROM DEFT-HE DOES NOT HAVE $100, DEFT ADVISED OF |
| 06/07/2011 | WARRANT WALK-IN CALENDAR |
| 06/10/2011 | REV ADCRT Set for 09/12/2011 03:15 PM in Room 1 with Judge KAW |
| 06/13/2011 | MOT BW Set for 06/13/2011 03:30 PM in Room 1 with Judge KAW |
| 06/13/2011 | ADDRESS/PHONE VERIFIED |
| 06/13/2011 | DEF SCREENED FOR PUBLIC DEFENDER - APPROVED; ORDER APPOINTING |
| 06/13/2011 | COUNSEL; DEF ADVISED TO REPORT TO COURTROOM FOR WARRANT |
| 06/13/2011 | WALK-IN CALENDAR |
| 06/13/2011 | ATY 1 KIRSHENBAUM, DAVID RICHARD Added as Participant |
| 06/13/2011 | JUDGE WALDEN PA WALLS |
| 06/13/2011 | 2:55- DEFT PRESENT WITH COURTESY PUBLIC DEFENDER, ATY MURRAY |
| 06/13/2011 | WAIVE FORMAL READING |
| 06/13/2011 | ACKNOWLEDGEMENT OF ADVICE OF RIGHTS. |
| 06/13/2011 | PROBABLE CAUSE FOUND |
| 06/13/2011 | DEFENDANT SIGNED FOR AND GIVEN NOTICE OF COURT DATE |
| 06/13/2011 | DEFENDANT VERIFIED MAILING ADDRESS |
| 06/13/2011 | REV ADCRT on 09/12/2011 03:15 PM in Room 1 with Judge KAW Canceled |
| 06/13/2011 | PTR NN Set for 07/13/2011 10:30 AM in Room 1 with Judge KAW |
| 06/13/2011 | DEFENDANT REQUESTS JUDGE QUASH WARRANT |
| 06/13/2011 | MOTION GRANTED |
| 06/13/2011 | BENCH WARRANT FEE WAIVED |

| | |
|---|---|
| 06/13/2011 | Defendant Arraigned on Charge 1 |
| 06/13/2011 | Plea/Response of Not Guilty Entered on Charge 1 |
| 06/13/2011 | NAC : Notify court of address change |
| 06/13/2011 | NVI : No Violations |
| 06/13/2011 | Defendant Arraigned on Charge 2 |
| 06/13/2011 | Plea/Response of Not Guilty Entered on Charge 2 |
| 06/13/2011 | MOT BW: Held |
| 06/22/2011 | ATY 1 KIRSHENBAUM, DAVID RICHARD Removed |
| 06/22/2011 | ATY 2 SU, CHUAN-YI PHILLIP Added as Participant |
| 06/22/2011 | WITHDRAWAL OF COUNSEL AND NOTICE OF SUBSTITUTION FILED VIA |
| 06/22/2011 | FAX BY ATTORNEY PHILLIP SU |
| 06/24/2011 | CERTIFICATE OF ADDRESS SEARCH FILED BY PROSECUTOR |
| 06/24/2011 | NEW ADDRESS FOUND; MATTER PREVIOUSLY RESUMMONED AND |
| 06/24/2011 | HEARING HELD |
| 06/29/2011 | PLAINTIFF'S RESPONSE TO REQUEST FOR DISCOVERY AND DEMAND |
| 06/29/2011 | FOR DISCOVERY FILED BY CITY ATY |
| 07/07/2011 | P/C TO DEFT TO REMIND OF COURT DATE - UNABLE TO LEAVE MESSAGE |
| 07/13/2011 | JUDGE WALDEN PA WALLS |
| 07/13/2011 | DEFENDANT PRESENT WITH COUNSEL, SU |
| 07/13/2011 | MATTER RESET FOR PRETRIAL BY AGREEMENT |
| 07/13/2011 | WAIVER SIGNED AND FILED THROUGH 10/11/11 |
| 07/13/2011 | DEFENDANT SIGNED FOR AND GIVEN NOTICE OF COURT DATE |
| 07/13/2011 | ==SAME CONDITIONS OF RELEASE APPLY== |
| 07/13/2011 | DEFENDANT VERIFIED ADDRESS |
| 07/13/2011 | PTR NN Set for 08/08/2011 09:30 AM in Room 1 with Judge KAW |
| 07/13/2011 | PTR NN: Held |
| 08/04/2011 | PHONE CALL MADE BY VOLUNTEER- UNAVAILABLE, UNABLE TO |
| 08/04/2011 | REMIND DEFT OF 8/8 COURTDATE |
| 08/08/2011 | JUDGE WALDEN PA WALLS |
| 08/08/2011 | 10:31- DEFENDANT PRESENT WITH COUNSEL, SU |
| 08/08/2011 | PRETRIAL ORDER FILED/SIGNED BY ALL PARTIES |
| 08/08/2011 | MATTER CONFIRMED FOR MOTION STATUS/JURY TRIAL |
| 08/08/2011 | SAME CONDITIONS OF RELEASE APPLY |
| 08/08/2011 | DEFENDANT SIGNED FOR AND GIVEN NOTICE OF COURT DATE |
| 08/08/2011 | DEFENDANT VERIFIED MAILING ADDRESS |
| 08/08/2011 | MOT STAT Set for 09/28/2011 01:30 PM in Room 1 with Judge KAW |
| 08/08/2011 | JTR Set for 10/06/2011 09:00 AM in Room 1 with Judge KAW |
| 08/08/2011 | PTR NN: Held |
| 08/11/2011 | Notice Issued for MOT STAT on 09/28/2011 01:30 PM |
| 08/11/2011 | Notice Issued for JTR on 10/06/2011 09:00 AM |
| 08/17/2011 | PLAINTIFF'S SUPPLEMENTAL RESPONSE TO REQUEST FOR DISCOVERY |
| 08/17/2011 | AND DEMAND FOR DISCOVERY FILED BY CITY ATY |
| 09/08/2011 | CITY'S STATUS SUBPOENA(S) ISSUED TO WITNESS(ES) |
| 09/08/2011 | SUBPOENA(S) FORWARDED TO JUDGE WALDEN FOR SIGNATURE |
| 09/09/2011 | SUBPOENA(S) PLACED IN U.S. MAIL |
| 09/22/2011 | PHONE CALL MADE BY VOLUNTEER- CONFIRMED COURTDATE WITH |
| 09/22/2011 | DEFT FOR 9/28 AT 1:30PM |
| 09/28/2011 | PHONE CALL FROM DIVERSITY LAW GROUP- ATY SU IS RUNNING ABOUT |

| Date | Entry |
|---|---|
| 09/28/2011 | 45 MINUTES LATE, SCREEN PRINT TO COURTROOM TO ADVISE |
| 09/28/2011 | JUDGE WALDEN PA WALLS |
| 09/28/2011 | DEFENDANT PRESENT WITH COUNSEL, SU |
| 09/28/2011 | MATTER RESET FOR PRETRIAL BY AGREEMENT |
| 09/28/2011 | WAIVER SIGNED AND FILED THROUGH 12/27/11 |
| 09/28/2011 | DEFENDANT SIGNED FOR AND GIVEN NOTICE OF COURT DATE |
| 09/28/2011 | SAME CONDITIONS OF RELEASE APPLY |
| 09/28/2011 | JTR on 10/06/2011 09:00 AM in Room 1 with Judge KAW Canceled |
| 09/28/2011 | PTR NN Set for 11/14/2011 09:30 AM in Room 1 with Judge KAW |
| 09/28/2011 | MOT STAT: Held |
| 11/10/2011 | PHONE CALL MADE BY VOLUNTEER- CONFIRMED COURTDATE WITH |
| 11/10/2011 | DEFT FOR 11/14 AT 9:30AM |
| 11/14/2011 | JUDGE WALDEN PA WALLS |
| 11/14/2011 | 9:49- DEFENDANT PRESENT WITH COUNSEL TSIPRIN FOR ATTY SU |
| 11/14/2011 | CITY ATTY MOVES TO DISMISS WITH PREJUDICE |
| 11/14/2011 | NO OBJECTION BY THE DEFENSE |
| 11/14/2011 | CITY'S MOTION GRANTED |
| 11/14/2011 | CASE DISMISSED WITH PREJUDICE AND CLOSED |
| 11/14/2011 | Charge 1 Dismissed W/Prejudice : City's Mtn-Other |
| 11/14/2011 | Case Heard Before Judge WALDEN, KIMBERLY A |
| 11/14/2011 | Charge 2 Dismissed W/Prejudice : City's Mtn-Other |
| 11/14/2011 | Case Heard Before Judge WALDEN, KIMBERLY A |
| 11/14/2011 | Case Disposition of CL Entered |
| 11/14/2011 | PTR NN: Held |
| 04/30/2013 | CITY FINANCE DEPT AT FRONT COUNTER REQUESTING COPY OF DOCKET |
| 05/09/2013 | REQUEST FOR AUDIO FROM 9/28/11 AND 11/14/11 HEARINGS FILED |
| 05/09/2013 | BY CITY ATY VIA EMAIL |
| 05/09/2013 | 9/28/11 HEARING WAS OFF THE RECORD- AUDIO NOT AVAILABLE, |
| 05/09/2013 | 11/14/11 AUDIO HEARING PROVIDED PER REQUEST |
| 05/23/2014 | REQUEST FOR COPY OF FILE AND AUDIO FROM 11/14/11 FILED |
| 05/23/2014 | BY CITY ATY |
| 06/30/2014 | FILE REQUESTED FROM OFF-SITE STORAGE |
| 07/17/2014 | COMPLETE COPY OF FILE AND AUDIO OF 11/14/11 HEARING |
| 07/17/2014 | FORWARDED TO CITY ATY |
| 07/25/2014 | FILE RETURNED TO OFF-SITE STORAGE |