The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT OF WASHINGTON
AT SEATTLE

ROBERT TURNER,

    Plaintiff,

v.

Officer NICHOLAS HOGAN; Officer JOHN DOE; Former Chief of Police DAVID HAYNES, and THE CITY OF TUKWILA and its POLICE DEPARTMENT,

    Defendants.

No. 2:14-cv-00675-RSL

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT BY DEFENDANTS CITY OF TUKWILA AND DAVID HAYNES

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff's motion to amend his complaint to add new factual allegations and causes of action should be denied as it is (1) futile as the new claims do not relate back to the original complaint under Rule 15(c) and are barred by the statute of limitations; (2) the motion to amend was not timely filed; and (3) Defendants will be prejudiced by such a late amendment if it is allowed. Therefore, Defendants respectfully request the Court to deny the motion to amend the complaint.[1]

## II. FACTS

The incident at issue in this lawsuit occurred on April 16, 2011. Plaintiff filed a

---

[1] Defendants do not object to allowing an amendment to correct the caption, delete John Doe from the lawsuit and delete the false arrest claim from the lawsuit.

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 1
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

claim for damages with the City of Tukwila on April 3, 2013. In his claim, Plaintiff alleged a claim for damages resulting from the force applied to him during his arrest. *See, Declaration of Eric Drever, p. 5.* He made no mention of a claim for malicious prosecution or negligent hiring of Officer Hogan.

Plaintiff filed his complaint in state court a year later on April 16, 2014, the last day before the statute of limitations expired. Defendants subsequently removed this case to U.S. District Court. Plaintiff alleged the following causes of action in his complaint: (1) violations of the Fourth and Fourteenth Amendments against Defendant Hogan and Doe; (2) violation of the Fourth and Fourteenth Amendments, failure to adequately supervise and train Tukwila Police Department Officers, against Defendants City of Tukwila and former Chief of Police David Haynes; (3) negligent supervision and retention under state law against the City and Haynes; (4) respondeat superior; and (5) false arrest. Plaintiff did not allege a claim of malicious prosecution or negligent hiring under either federal or state law.

Pursuant to the Court's order at Docket # 11, the deadline for amending the pleadings was April 8, 2015. Plaintiff has not moved for relief from this deadline.

The deadline for submitting expert witness reports was also on April 8, 2015. Plaintiff produced a report dated March 26, 2015 in which his expert gave opinions on the alleged negligent hiring and malicious prosecution by Defendants, thus he was contemplating these amendments well before the deadline to amend had passed. *See, Declaration of Shannon Ragonesi, p. 3-4.* However, Plaintiff did not bring his motion to amend until over two months later.

### III. EVIDENCE RELIED UPON

1. Declaration of Eric Drever with attached exhibits.

2. Plaintiff's complaint.

3. Declaration of Shannon Ragonesi with attached exhibit.

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 2
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## IV. LEGAL AUTHORITY AND ANALYSIS

The decision of whether to grant leave to amend remains within the discretion of the district court, which may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Leadsinger*, the court held the proposed amendment would be futile, and affirmed the district court's dismissal on that basis.

### A. PLAINTIFFS' PROPOSED AMENDMENT TO THE COMPLAINT IS FUTILE AS HIS NEW CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

#### 1. Plaintiffs' proposed amendment will not relate back to the date the first complaint was filed pursuant to Rule 15(c).

Federal Rule of Civil Procedure 15(c)(1)(B) states that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. Claims arise out of the same conduct, transaction, or occurrence if they "share a common core of operative facts" such that the plaintiff will rely on the same evidence to prove each claim. *Williams v. Boeing Co.*, 517 F.3d 1120, 1133, (9th Cir. Wash. 2008), citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989) (finding an amended complaint related back where the amended complaint added a new theory of recovery based on facts alleged in original complaint). The requirement that the allegations in the amended complaint arise from the same conduct, transaction, or

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 3
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

occurrence is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading. *Martell*, 872 F.2d at 326.

In *Williams*, the plaintiffs' original complaint alleged they were discriminated against with regard to their "terms of employment" on the basis of race. They subsequently filed a second amended complaint and alleged for the first time a claim for racial discrimination in compensation for salaried employees. The Ninth Circuit held the plaintiffs' general allegations that they were discriminated against with regard to "terms of employment" did not provide fair notice of the compensation discrimination claim. *Williams*, 517 F.3d at 1131. The court further held the specific references to pay in the original and first amended complaints did not provide notice of a compensation claim either. *Id.* The complaints had explicitly referred to plaintiffs having been denied promotions due to their race. *Id.* However, they did not make any general or specific allegations of salary inequities apart from promotion-related differences. Such factual averments were not sufficient to allege a separate claim for compensation discrimination. *Id.*

The court held there was no common core of operative facts between the compensation discrimination claim and the promotion discrimination, hostile work environment, and retaliation claims. *Williams*, 517 F.3d at 1133. The second amended complaint had to include additional facts to support the compensation discrimination claim. *Id.* **"The compensation discrimination claim is a new legal theory depending on different facts, not a new legal theory depending on the same facts. It does not relate back under Rule 15(c)."** *Id.*, (emphasis added).

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT - 4
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

The result in the present case is the same as in *Williams*. Plaintiffs' original complaint did not contain the factual assertions they need to support their new claims of malicious prosecution or negligent hiring.

To support his new claim of negligent hiring, Plaintiff was required to add 26 new paragraphs of factual allegations (¶¶ 34-57, 79, 83) in the proposed amended complaint in order to establish the elements of this claim. This includes but is not limited to brand new allegations that the City knew or should have known of Hogan's unfitness to serve as an officer at the time it hired him in January 2009; that the hiring of Hogan was a proximate cause of Plaintiff's injuries; and that the background investigation of Hogan was inadequate.

Plaintiff was required to add numerous new allegations to establish the elements of his new malicious prosecution claim (¶¶ 29, 58-59, 91) including but not limited to allegations that Hogan instituted and/or continued a prosecution against Turner; there was no probable cause to support the charges against Plaintiff; the criminal proceedings terminated on the merits in favor of Plaintiff; and that Plaintiff suffered injury or damage because of the institution or continuation of the criminal proceedings.

Plaintiff's *original* claims arose out of the Tukwila police response on April 16, 2011 to 911 calls of "shots fired" near a house party where Plaintiff was ultimately arrested and exposed to OC and Taser applications. This was the common core of operative facts for the original complaint.

Plaintiff's *new* claims arise out of two completely different sets of operative facts. With regard to the negligent hiring claim, the jury would have to go back to January 2009 when Hogan was hired to examine a completely different set of facts affecting the hiring

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 5
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

decision. With regard to the malicious prosecution claim, the jury will have to look forward after the night of the party and arrest to determine whether the charges against Plaintiff were continued to be prosecuted by the City of Tukwila with malice.[2] There is no common core of operative facts between Plaintiff's original claims and his newly proposed claims. Plaintiff must rely on substantial, new and additional facts that he has alleged in his proposed amended complaint to prove these claims. As such, his new claims do not relate back to the date the original complaint was filed.

2. **Plaintiff's new claims are barred by the three year statute of limitations.**

Defendant Hogan was hired by the Tukwila Police Department on January 26, 2009.[3] Plaintiff did not file his lawsuit until April 16, 2014 – over five years later. The statute of limitations for a negligent hiring claim is determined by the date of hire of the employee.[4] The limitations period is three years, and in this case, ended on January 26, 2012.[5] Therefore, Plaintiff failed to file his negligent hiring claim within the three year limitations period; and allowing him to amend his complaint to include this cause of action would be futile.

Likewise, Plaintiff's malicious prosecution claim is also subject to a three year statute of limitations under RCW 4.16.080(2).[6] Not only did Plaintiff fail to file a claim for damages with the City alleging malicious prosecution, which is a condition precedent to

---

[2] Defendant notes that Plaintiff has still failed to sufficiently state a claim of malicious prosecution against the City in his proposed amended complaint as he has not alleged that the City continued a prosecution against him with malice as is required to establish this cause of action.
[3] *Drever Declaration, p. 7.*
[4] An employer's negligence in hiring occurs at the time of hiring. *Peck v. Siau*, 65 Wn. App. 285, 288, 827 P.2d 1108 (1992).
[5] RCW 4.16.080(2).
[6] Plaintiff concedes he did not bring a malicious prosecution claim in his original complaint. He merely theorizes that it is similar to a false arrest claim and therefore he should be allowed to add it now even though it is so late in the game. However, Plaintiff's failure to file his false arrest claim within the two year statute of limitations required in Washington does not allow him to substitute in an entirely new claim.

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 6
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

The deadline to move to amend the complaint was April 8, 2015. Plaintiff did not file his motion to amend until June 5, 2015, almost two months too late. Plaintiff has not filed a motion to extend this deadline as required under Rule 6(b)(1)(B).

It is clear from the report produced by Plaintiff's police practices expert on March 26, 2015 that this expert was asked to review issues surrounding Defendant Hogan's hiring; and was provided documentation such as the pre-employment background investigation for his review. *See, Declaration of Shannon Ragonesi, pp.4.* Mr. Van Blaricom produced a written report on March 26, 2015 stating it is his opinion that Hogan should not have been hired, and indicating he had reviewed Hogan's pre-employment background investigation in forming this opinion. *Id, at 3.*

Rule 6(b)(1)(B) only permits a court to extend the deadline for amending pleadings for good cause and upon a showing of excusable neglect by Plaintiff. Nevertheless, despite retaining his expert on February 20, 2015 per his report (*Id, at 3*), and apparently contemplating negligent hiring as a possible cause of action, Plaintiff offers no explanation for why he waited until after the April 8th deadline to file his motion to amend.[9] The only explanation offered by Plaintiff is that the attorney he recently retained in addition to counsel Kirk Davis (not as a substitution) has "brought focus on different areas of the claims." While this may be true, the record shows Plaintiff had contemplated adding this claim before hiring his supplemental counsel but still did not move to amend in a timely manner.

C. **DEFENDANTS WILL BE PREJUDICED BY A LATE ADDITION OF TWO NEW CLAIMS TO THIS LAWSUIT.**

---

[9] Plaintiff maintains that this claim was already asserted in his original complaint, but the document speaks for itself.

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 8
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Plaintiff contends that Defendants are not prejudiced by adding two new causes of action to this lawsuit less than two weeks prior to the discovery deadline. Adding new claims so late in the litigation denies Defendants the opportunity to seek written discovery from Plaintiff to better understand his theories and proof for these claims; to add pertinent witnesses to the witness list to address these claims at trial; to consult with experts regarding police hiring practices and/or prosecutorial practices in order to identify expert witnesses on these claims for trial; or conduct any other additional discovery that might be needed. Defendants respectfully disagree with Plaintiff's opinions on the issue of whether they will be prejudiced if his motion is granted.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's motion to amend his complaint.

DATED: June 22, 2015

          KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Shannon M. Ragonesi
Shannon M. Ragonesi, WSBA #31951
Attorneys for Defendants The City of Tukwila

800 Fifth Avenue, Suite 4141
Seattle, WA 98104-3175
Phone: (206) 623-8861
Fax:  (206) 223-9423
Email: sragonesi@kbmlawyers.com

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 9
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Kirk C. Davis, WSBA #21461
Law Office of Kirk C. Davis, PLLC
1218 Third Ave, Ste 1000
Seattle, WA 98101
T: 206.684.9339
F: 206.260.3685
Email: kirk@kirkdavislaw.com

**Attorneys for Plaintiff**
Peter J. Mullenix, WSBA #37171
David P. Roosa, WSBA #45266
Friedman Rubin
51 University Street, Suite 201
Seattle, WA 98101
T: 206.501.4446
Email: E: pmullenix@friedmanrubin.com
E: droosa@friedmanrubin.com

**Attorneys for Defendants City of Tukwila and David Haynes**
Rachel B. Turpin, WSBA #40007
Kenyon Disend, PLLC
11 Front Street South
Issaquah, WA 98027-3820
T: 425.392.7090
Email: rachel@kenyondisend.com

**Attorneys for Defendant Nicholas Hogan**
John T. Kugler, WSBA #19960
Turner Kugler Law, PLLC
4700-42nd Ave. SW, Ste. 540
Seattle, WA 98116-4561
T: 206.659.0679
Email: john@turnerkuglerlaw.com

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 10
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED: June 22, 2015

/s/ Shannon M. Ragonesi
Shannon M. Ragonesi, WSBA #31951
Attorneys for Defendants The City of Tukwila
800 Fifth Avenue, Suite 4141
Seattle, WA 98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: sragonesi@kbmlawyers.com

OPPOSITION TO PLANTIFF'S MOTION TO AMEND
COMPLAINT - 11
2:14-cv-00675-RSL
1002-00646/171348

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423