The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT OF WASHINGTON
AT SEATTLE

ROBERT TURNER,

                    Plaintiff,

    v.

Officer NICHOLAS HOGAN; Officer
JOHN DOE; Former Chief of Police
DAVID HAYNES, and THE CITY OF
TUKWILA and its POLICE
DEPARTMENT,

                    Defendants.

No. 2:14-cv-00675-RSL

DECLARATION OF SHANNON M.
RAGONESI IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE
COMPLAINT

I, Shannon M. Ragonesi, declare as follows:

    1.    I am one of the attorneys representing Defendants City and Haynes in this lawsuit. I make this declaration based upon my own personal knowledge, upon facts which are admissible in evidence. I am competent to testify to the matters set forth in this declaration.

    2.    I have attached a true and accurate copy of highlighted excerpts of the report of Don Van Blaricom, Plaintiff's police practices expert in this case.

    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DECLARATION OF SHANNON M. RAGONESI - 1
2:14-cv-00675-RSL
1002-00646/171452

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    DATED this 22nd day of June, 2015, at Seattle, Washington.

2

3    _____

4    Shannon M. Ragonesi, WSBA #31951

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF SHANNON M. RAGONESI - 2
2:14-cv-00675-RSL
1002-00646/171452

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# EXHIBIT 1

**D.P. VAN BLARICOM, Inc.**
MPA, FBI-NA, CHIEF of POLICE (Ret)
*POLICE PRACTICES EXPERT*
835 – 91ST Lane N.E.
Bellevue, Washington 98004-4811
(425) 453-0082 FAX 453-3263 E-Mail dvbinc@aol.com

### Federal Rule 26 (a) (2) (B)
### REPORT OF PLAINTIFF'S POLICE PRACTICES EXPERT
### March 26, 2015

1. My name is D.P. Van Blaricom and I make this report on behalf of plaintiff in the United States District of Western Washington 2:14-cv-00675 filing of *Turner v. City of Tukwila, et al.* under my file 15-1840.

2. My law enforcement career, training and experience has spanned over fifty-eight years of active employment to date:

   a. Twenty-nine years of continuous police service, during which I was the Chief of Police of Bellevue, Washington for the last eleven of those years;

   b. Thereafter, I have been engaged as a police practices consultant for an additional twenty-nine years;

   c. The 9th Circuit's decision in *Glenn v. Washington County, Oregon* (2011) describes me as *"... an expert witness, a former Bellevue, Washington Chief of Police with a law enforcement career spanning over 50 years".*

3. A detailed statement of my qualifications, experience, training and a list of all of my publications are attached hereto as Exhibit "A". Both my fee schedule for services and a list of my deposition and trial testimony for the preceding four years are attached hereto as Exhibits "B" and "C" respectively. My areas of expertise in the police arts and sciences include but are not limited to: police administration, policies, practices, procedures and standards of care; police use of force; internal investigation and discipline. As a police practices expert, I have testified in state and federal courts for both plaintiffs and defendants throughout the United States.

4. Attorney Kirk Davis retained my services on February 20, 2015 to review the facts and circumstances of the arrest of Robert Turner (plaintiff) by City of Tukwila Police Department (TPD) Officer Nicholas Hogan (defendant officer) on April 16, 2011 (Saturday) at approximately 2115 hours (9:15 PM). I have discussed the matter with plaintiff's counsel and this report was prepared in reliance upon the facts and data obtained from my review of the following documents:

   a. Claim for Damages;
   b. Complaint;
   c. Answer;
   d. TPD reports 12-2488;
   e. Procedural Inquiry 13-06

Ragonesi Decl
Exhibit 1 / P.3

12

14.  Based upon my knowledge, skill, experience, training or education and a careful evaluation of the totality of circumstances in this matter, it is my considered professional opinion that plaintiff was denied timely medical care.  In reaching that conclusion, I was specifically mindful of the following g information from the record:

   a. All of the information previously described herein;

   b. It is indisputable that plaintiff's injuries were inflicted in his encounter with defendant and other TPD officers;

   c. Plaintiff has stated that his broken ankle was *"swollen to the size of his calf"* and defendant officer admits he *"complained of ankle pain"* at the scene;

   d. Nevertheless:

   1) Defendant officer ignored both the swelling and complaint of pain,

   2) Rather than call Medics to the scene or transport plaintiff directly to medical treatment, he was taken directly to the King County Jail instead;

   e. It was only after jail staff refused to accept plaintiff, because of his obvious injury, that defendant officer was forced to provide requisite medical treatment.

15.  Based upon my knowledge, skill, experience, training or education and a careful evaluation of the totality of circumstances in this matter, it is my considered professional opinion that TPD should never employed defendant officer in the first place and thereafter knew or should have known of his demonstrated propensity to escalate citizen encounters and/or to use excessive force.  In reaching that conclusion, I was specifically mindful of the following information from the record:

   a. All of the information previously described herein;

   b. Defendant officer had already been rejected for police service by four other local departments:

   1) Cities of Seattle Tacoma, Bellevue and Fife;

   2) All were concerned with defendant officer's association with the *"Straight Edge"* movement:

   a) *"Straight Edge"* is associated with on-line photos depicting *"potential fringe/radical persons, events, and gang-like imagery"*,

   b) *"Splinter groups were known to force their beliefs on others"*;

   c. Defendant officer's TPD pre-employment background investigation had established:

   1) His association with the *"Straight Edge"* movement, is proudly displayed by a large tattoo on his chest,

   2) Furthermore and only *"about 2 weeks ago"*, defendant officer *"confronted a neighbor GUN IN HAND"* (emphasis supplied) over a trash dumping dispute;